IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA ELIZABETH MILLER,

    Plaintiff,

v.   No. 2:23-cv-0558-DLM

NEW MEXICO CHILDREN YOUTH AND
FAMILIES DEPARTMENT, IRENE CHAVES
GONZALES, NATALIE MENDOZA, and
KIMBERLY HANSON,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND ORDER TO SHOW CAUSE AND FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1) and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**I.**      **Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $523.00; (ii) Plaintiff's monthly expenses total $0.00; (iii) and Plaintiff has $0.00 in cash and no funds in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of this proceeding and because of her low monthly income.

## II.   The Complaint

This case arises from the alleged sexual assault of Plaintiff's minor grandson, J.A., and the subsequent removal of her other grandsons. Plaintiff alleges the New Mexico Children Youth and Families Department ("CYFD") removed the children "without an investigation and placed forcefully without establishing a reason for removal or with investigation as reported alleged sexual assault." (Doc. 1 at 1.)

Plaintiff alleges that Defendant Mendoza, a detective with the Roswell Police Department, slandered Plaintiff, did not include a "detailed report of the sexual assault" in her affidavit, "did not attend the physical medical part of the interview," failed to videotape J.A.'s interrogation, and acted "with intent which resulted in great bodily harm to J.A." (*Id.* at 2–3.)

Regarding Defendant Hanson, a nurse, Plaintiff alleges that:

the affidavit that Plaintiff alleges to be false that was filed by [Defendant Mendoza]
the allegations also report the misconduct and willful lies with action by Ms.

> Hanson to aid and abet in Mendoza's corruptions of law and violations of constitutional rights + the infringement of NM laws + under the Children's Code.
> . . .
> Nurse Hanson did lie to back up a claim (according to the supplemental) that lie consisted of positive for std in J.A. rectum.

(*Id.* at 3, 5.)

Plaintiff alleges that Defendant Gonzales, who is employed as "C.P.S. with CYFD," "was contacted initially by plaintiff at the mother's home to assist in arranging visits by the mother [illegible] between Arthur Dutchove[r] + 2 children." (*Id.* at 2.) Plaintiff also alleges that Defendants Mendoza and Hanson "did tell Dutchover CYFD + [Defendant] Gonzales facts concerning the case putting myself + my grandson at risk for harm have alienated me from my grandsons when they needed me the most." (*Id.* at 4.)

The Complaint fails to state claims pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations indicating what specific federal right Plaintiff believes each Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Plaintiff makes the vague, conclusory allegation that some of the Defendants violated constitutional rights. Without supporting factual averments, however, conclusory allegations "are insufficient to state a claim on which relief can be based[;] . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Furthermore,

3

there are very few factual allegations regarding each Defendant's conduct. While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain sufficient factual allegations to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Complaint fails to state a claim against Defendant CYFD, because CYFD is an arm of the State.

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

*Anderson v. Herbert*, 745 F. App'x 63, 69 (10th Cir. 2018). There are no allegations in the Complaint indicating that the State of New Mexico has waived, or that Congress has abrogated, the State of New Mexico's Eleventh Amendment immunity. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued").

It appears Plaintiff is asserting claims on behalf of J.A. (*See* Doc. 1 at 6 (stating "I am believing that 3.5 million dollars is only to seek justice for [J.A.]").) Plaintiff cannot assert claims on behalf of J.A. because "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th

Cir. 2000); *see also Kanth v. Lubeck*, 123 F. App'x 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")).

The Court orders Plaintiff to show cause why the Court should not dismiss the claims for the reasons stated above. If Plaintiff asserts that any claims should not be dismissed, Plaintiff must file an amended complaint.

### III.   Proceeding *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

### IV.   Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]." 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which

the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

V.  **Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (Oct. 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed June 30, 2023, is **GRANTED.**

(ii)  Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss the claims for the reasons stated above and file an amended complaint. Failure to timely show cause and to file an amended complaint may result in dismissal of this case.

(iii) The Clerk shall restrict access to the Complaint to the Court and Case Participants because the Complaint refers to the minor J.A. by his first name.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE