IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA ELIZABETH MILLER,

    Plaintiff,

v.                                                                        No. 2:23-cv-00558-MV-DLM

NEW MEXICO CHILDREN YOUTH AND
FAMILIES DEPARTMENT,
IRENE CHAVES GONZALES,
NATALIE MENDOZA, and
KIMBERLY HANSON,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This case arises from the alleged sexual assault of Plaintiff Maria Elizabeth Miller's grandson, J.A., and the subsequent removal of her other grandsons. *See* Doc. 1 (Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed June 30, 2023 ("Complaint")). Ms. Miller's federal constitutional claims arise under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). In the original Complaint, Ms. Miller made various allegations against different defendants, ostensibly asserting claims on behalf of J.A. *See id.* at 6 ("I am believing that 3.5 million dollars is only to seek justice for [J.A.]"). First, she alleged that the New Mexico Children Youth and Families Department ("CYFD") removed the children "without an investigation and placed forcefully without establishing a reason for removal or with investigation as reported alleged sexual assault." *Id.* at 1. Ms. Miller further alleged that Defendant Mendoza, a detective with the Roswell, New Mexico Police Department, "did slander" Ms. Miller, did not include a "detailed report of the sexual assault" in her affidavit, "did not attend the physical medical part of

the interview," "did not videotape the interrogation of J.A.," and "did act with intent which resulted in great bodily harm to J.A." *Id.* at 2-3. Regarding Defendant Hanson, a nurse, Ms. Miller alleged that:

> the affidavit that Plaintiff alleges to be false that was filed by [Defendant Mendoza] the allegations also report the misconduct and willful lies with action by Ms. Hanson to aid and abet in Mendoza's corruptions of law and violations of constitutional rights + the infringement of NM laws + under the Children's Code.
> ....
> Nurse Hanson did lie to back up a claim (according to the supplemental) that lie consisted of positive for std in J.A. rectum.

*Id.* at 3, 5. As to Defendant Gonzales, who is employed as "C.P.S. with CYFD," Ms. Miller alleged that he "was contacted initially by plaintiff at the mother's home to assist in arranging visits by the mother [illegible] between Arthur Dutchove[r] + 2 children." *Id.* at 2. Finally, Ms. Miller alleged that Defendants Mendoza and Hanson "did tell Dutchover CYFD + [Defendant] Gonzales facts concerning the case putting myself + my grandson at risk for harm have alienated me from my grandsons when they needed me the most." *Id.* at 4.

On July 5, 2023, United States Magistrate Judge Damian L. Martinez entered a Memorandum Opinion and Order Granting Motion to Proceed In Forma Pauperis and Order to Show Cause and for Amended Complaint ("Magistrate Judge's Opinion"). Doc. 5. First, Judge Martinez notified Ms. Miller that the Complaint failed to state a claim against Defendant CYFD because CYFD is an arm of the State, explaining as follows:

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465

> U.S. 89, 100 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").
>
> *Anderson v. Herbert*, 745 F. App'x 63, 69 (10th Cir. 2018). There are no allegations in the Complaint indicating that the State of New Mexico has waived, or that Congress has abrogated, the State of New Mexico's Eleventh Amendment immunity. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity ... [or a] state may ... waive its Eleventh Amendment immunity and consent to be sued").

*Id.* at 4.

Next, Judge Martinez notified Ms. Miller that the Complaint failed to state a claim pursuant to 42 U.S.C. § 1983 against the Individual Defendants, explaining as follows:

> "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations indicating what specific federal right Plaintiff believes each Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Plaintiff makes the vague, conclusory allegation that some of the Defendants violated constitutional rights, however, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Furthermore, there are very few factual allegations regarding each Defendant's conduct. While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain sufficient factual allegations to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*Id.* at 3-4.

Finally, Judge Martinez explained that Ms. Miller cannot assert claims on behalf of J.A, explaining as follows:

3

"A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Kanth v. Lubeck*, 123 F. App'x 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654 [stating parties may plead and conduct their own cases personally or by counsel], a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")).

*Id.* at 4-5.

As a result of these pleading deficiencies, Judge Martinez ordered Ms. Miller to show cause why the Court should not dismiss her claims and ordered her to file an amended complaint. *Id.* at 5-6.

Ms. Miller did not file a response to the Order the Show Cause. She did, however, file an amended complaint on July 31, 2023. Doc. 6 ("Amended Complaint"). But in the Amended Complaint, Ms. Miller essentially restates the allegations in her original Complaint, without addressing or remedying any of the deficiencies noted by Judge Martinez.[1]

First, the Amended Complaint continues to name CYFD as a defendant. However, Ms. Miller cannot bring a § 1983 claim against CYFD for two reasons. First, CYFD is an "arm of the state," and thus is entitled to Eleventh Amendment immunity. *Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516 (10th Cir. 2022) ("In terms of scope, Eleventh Amendment immunity extends to states and state entities.") (citation omitted); *Tafoya v. New Mexico*, 517 F. Supp. 3d

---

[1] While Ms. Miller attached 161 pages of documents to her Amended Complaint, it is not the Court's role to search through those documents to determine whether she could, based on the information therein, state a claim upon which relief can be granted. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("We, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 F. App'x 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant.").

1250, 1292–93 (D.N.M. 2021) ("CYFD is [] an 'arm of the state.'") (citing *Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 280-81 (1977)).  And where, as here, "judicially noticeable evidence clearly resolves an entity's arm-of-the-state status and entitlement to sovereign immunity," this Court "may properly *raise* and *resolve* the sovereign immunity issue sua sponte." *Hennessey*, 53 F.4th at 32 (emphasis in original).  Further, "CYFD is not a 'person' for purposes of § 1983," and thus Ms. Miller cannot state a § 1983 claim against CYFD.  *Tafoya*, 517 F. Supp. 3d at 1292-93.  Indeed, the law is clear that "a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes." *McLaughlin v. Bd of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000); *see also Hull v. State of New Mexico Tax'n & Revenue Dep't's Motor Vehicle Div.*, 179 F. App'x 445, 446 (10th Cir. 2006) ("It is well established that arms of the state . . . are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.").  Accordingly, Ms. Miller lacks a cause of action to bring her § 1983 claims against CYFD.

Next, as to as to the Individual Defendants, Ms. Miller has not sufficiently repleaded her claims to survive a motion to dismiss.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  As *Iqbal* explained:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

5

> When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.  Further, "[a] cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin*, 215 F.3d at 1172.  The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the constitutional violation.  *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Notably, because Ms. Miller is *pro se*, her "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements."  *Id.*  Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend should unless amendment would be futile.  *Id.*

In keeping with *Hall,* Ms. Miller was granted leave to amend after Judge Martinez instructed her as to the relevant pleading standards.  In her Amended Complaint, she includes the following allegations:

> Defendant Chavez-Gonzalez, a CYFD employee: (i) "named [Plaintiff] in original petition . . . stating abuse, neglect and failure to protect;" and (ii) "alienated [Plaintiff] from her grandsons by denying contact."
>
> Defendant Mendoza, a detective with the Roswell Police Department: (i) provided "[n]o details concerning the actual crime investigated to identify the other man was attempted;" (ii) "listed and called [Plaintiff] a suspect;" (iii) "prohibited visits;" (iv) had "intent . . . including perjury, falsifying police report, misconduct to direct the outcome of investigation, with misconduct and incompetence to see the investigation thru;" and (v) "reveal[ed] aspects of what was concerning an investigation of a violent sexual assault by 2 men."

6

> Defendant Hanson, a nurse: (i) "aid[ed] and abett[ed] police misconduct"; (ii) "perjured herself;" (iii) "spo[liated]" and "mishandl[ed]" evidence; and (iv) "help[ed] in the aiding and abetting of breaking laws [that Plaintiff] alleged Mendoza of breaking. Perjury falsifying results of evidence + lab tests in an attempt to direct the investigation and point the finger at [Plaintiff]."

Doc. 6 at 5-7. The Amended Complaint also cryptically asserts that "violations of privacy + other civil + constitutional right concerning this alleged assault has continued for 3 yrs." *Id.* at 6.

None of Ms. Miller's allegations sets forth facts that, if proven, would establish that any of the Individual Defendants, through their own actions, personally violated Ms. Miller's constitutional rights. As Judge Martinez explained, it is not sufficient to make vague assertions about actions that do not implicate constitutional rights, or to state legal conclusions without any supporting factual detail. The vague and, quite frankly, hard-to-follow allegations in the Amended Complaint fall short of providing the factual detail necessary to demonstrate any concrete actions taken by the Individual Defendants that violated any specific constitutional rights. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). For this reason, Ms. Miller continues to fail to state a claim upon which relief can be granted.

Finally, Ms. Miller appears to continue to assert claims on behalf of her grandson J. *See* Doc. 6 at 9 (seeking "Justice for J"). But as Judge Martinez explained, Ms. Miller, who is not represented by an attorney, may not represent her grandchild in this action. *See Meeker,* 782 F.2d at 154 (holding that "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); *Fymbo*, 213 F.3d at 1321 ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). Accordingly, to the

7

extent that the Amended Complaint seeks to bring claims for the benefit of J., it is subject to dismissal.

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim; such dismissal will be without prejudice.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARTHA VÁZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**